IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **ALLIED WORLD SURPLUS LINES INCORPORATED COMPANY,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| v. | : | **NO. 25-cv-00866** |
| **CLIMAX TECHNOLOGY CO., LTD.,** a Foreign Corporation, | : | |
| *Defendant.* | : | |

<u>**MEMORANDUM**</u>

**KENNEY, J.**                                                                                                    **July 14, 2025**

**I.      INTRODUCTION**

Before the Court is Defendant Climax Technology Co., LTD's ("Climax") Motion to Dismiss, or, in the Alternative, to Stay. Plaintiff Allied World Surplus Lines Insurance Co. ("Allied World") filed a response in opposition. Climax and Allied World filed a reply and sur-reply, respectively. Accordingly, the Motion is now fully briefed and ripe for consideration. For the reasons discussed below, the Motion is **DENIED**.

**II.     BACKGROUND**

This lawsuit stems from a pending state case, *Danielle Wielgopolski, as Executor of the Estate of George Henry Hargraves v. Medical Guardian, LLC, et al.*, in the Philadelphia Court of Common Pleas (Case No. 230702184). *See* ECF No. 1 ¶ 1. The state case concerns Mr. Hargraves, who suffered a fatal medical emergency while wearing a Medical Guardian "Fall Detection Necklace." *Id.* ¶ 16. The personal emergency response system ("PERS") device was manufactured and designed by Climax and sold to Mr. Hargraves by Medical Guardian. *Id.* The device was to alert a monitoring company, contracted by Medical Guardian, to connect the user with emergency

services. *Id.* ¶ 18. However, no emergency signal was detected during the incident, and Mr. Hargraves died shortly thereafter. *Id.* ¶ 18–19.

The executor of Mr. Hargraves' estate filed the state action against Medical Guardian on July 21, 2023, and later amended the complaint on March 4, 2024, to add Climax as a defendant. *Id.* ¶ 14. Medical Guardian tendered the defense and indemnity to Climax under the Manufacturing Supply Agreement, which required Climax to defend and indemnify Medical Guardian for certain claims involving PERS devices, including (1) any claim seeking damages for product liability arising out of, in connection with, or as a result of the PERS devices to the extent that such claim is attributable to the acts or omissions of Climax or defects in the PERS devices; or (2) any bodily injury, death of any person or damage to real or tangible personal property caused by Climax's negligence or other wrongful conduct. ECF No. 1-4 at 3. Climax initially accepted the tender under a reservation of rights but later re-tendered the defense, asserting the claims were not covered by the Agreement. ECF No. 1 at ¶¶ 23–33. In response, Medical Guardian filed a Joinder Complaint and Cross-Claims in the state action, alleging breach of contract for Climax's refusal to defend and indemnify. ECF No. 19-6 at ¶¶ 61–72; ECF 19-7 at ¶¶ 69–81, 102–11. As a result of Climax's refusal to defend and indemnify, Medical Guardian's insurer and the Plaintiff in this case, Allied World, is paying the defense costs in the state action. ECF No. 1 ¶ 34–36. The state action is currently set for trial on February 2, 2026. ECF No. 19-9 at 2.

Allied World filed this lawsuit, bringing claims for (1) declaratory judgment that, under the Agreement, Climax has a duty to defend Medical Guardian in the state action; (2) equitable subrogation for fees Allied World has expended in defending Medical Guardian in the state action; and (3) to recover any other relief to which it is entitled, included attorney fees and costs incurred to bring this action. ECF No. 1 at 10.

### III.  DISCUSSION

Climax advances five arguments in the motion to dismiss: (i) that Count I (Declaratory Judgment) should be dismissed under Rule 12(b)(1) for lack of standing; (ii) that Count II (Equitable Subrogation) should be dismissed under Rule 12(b)(1) for lack of ripeness; (iii) that Count II should be dismissed under Rule 12(b)(6) for failure to state a claim; (iv) that, in the alternative, the Court should abstain from exercising jurisdiction over this matter by dismissing or staying the case pursuant to the *Colorado River* doctrine; and (v) that, in the alternative, the Court should abstain from exercising jurisdiction under the Declaratory Judgment Act.

**A.  Allied World Has Standing to Seek Declaratory Relief**

The Declaratory Judgment Act permits a District Court, to "declare the rights and other legal relations of any interested party seeking such declaration," provided there exists "a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). To satisfy Article III standing, a plaintiff must demonstrate "(1) an injury in fact that is concrete and particularized; (2) a causal connection between the injury and the challenged conduct, and (3) a likelihood that the injury will be redressed by a favorable judicial decision." *Barclift v. Keystone Credit Servs., LLC*, 93 F.4th 136, 141 (3d Cir. 2024) (citing *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017)). Prudential standing also mandates that a litigant assert his or her own legal interests rather than those of a third party. *Lewis v. Alexander*, 685 F.3d 325, 340 (3d Cir. 2012).[1]

Allied World has alleged sufficient facts to establish that it has standing under the Federal Declaratory Judgment Act. First, it has alleged a concrete and particularized injury by incurring

---

[1] Prudential standing also requires: (1) that the grievance is not so abstract as to constitute a generalized grievance, and (2) that the plaintiff's interests fall within the "zone of interests" protected by the statute, rule, or constitutional provision on which the claim is based. *Lewis*, 685 F.3d at 340. These requirements are not at issue here.

attorneys' fees and defense costs on behalf of Medical Guardian. ECF No. 1 ¶ 36. Second, there is a direct causal link between the injury and Climax's refusal to defend Medical Guardian, since Allied World, as the liability insurer of Medical Guardian, stepped in to protect its insured. *Id.* ¶¶ 34–36. Third, this injury is redressable through a favorable decision: if the court declares that Climax has a duty to defend, Allied World will be reimbursed for past defense costs and relieved of future expenditures. *Id.* ¶¶ 38–41. Additionally, prudential standing is satisfied because Allied World is asserting its own legal interests—namely, its right to recover past defense costs and to avoid incurring future ones. *Id.* Finally, there is also a "substantial controversy" between Allied World and Climax as they have adverse legal interests in the outcome, and it is sufficiently immediate given Allied World is currently bearing the cost of defense. *Id.* ¶¶ 36.

Climax argues that Allied World lacks standing because the Agreement with Medical Guardian expressly disclaims third-party beneficiaries and therefore Allied World cannot satisfy prudential standing since it is not asserting its own rights. *See* ECF 22 at 4. While it is generally true that a party cannot recover form a contract in which they are neither a party, nor an intended third-party beneficiary, *see Zaftr Inc. v. Kirk*, 760 F. Supp. 3d 275, 289 (E.D. Pa. 2024), that principle does not govern here. When an insurer assumes the defense of its insured, courts have recognized that the insurer may seek contribution or reimbursement from another party that also owed a duty to defend to the insured. *See Transportation Ins. Co. v. Pa. Mfrs. Ass'n Ins. Co.*, 641 F. Supp. 2d 406, 412 (E.D. Pa. 2008), *rev'd on other grounds*, 346 F. App'x 862 (3d Cir. 2009) (permitting an insurer that paid defense costs to pursue reimbursement from a co-insurer, despite not being a party to the latter's policy); *Nautilus Ins. Co. v. Westfield Ins. Co.*, No. 16-4634, 2017 WL 4284153, at *6 (E.D. Pa. Sept. 27, 2017) (finding insurer had standing to seek declaratory judgment against another insurer for contribution toward defense costs based on shared obligation

to the insured). Climax argues that these cases are distinguishable because, unlike disputes between co-insurers pursuing reimbursement, its collection effort arises from its own independent legal interest under the terms of the relevant insurance policies, as it is not a co-insurer. *See* ECF No. 22 at 3. Instead, Climax believes the reasoning in *Zaftr* applies because Allied World is impermissibly asserting the legal interests of Medical Guardian arising from the Agreement rather than its own. *Id.* at 4.

Although Climax is not a co-insurer, it occupies a functionally analogous position with respect to the duty to defend. *See Transportation Ins. Co.*, 641 F. Supp. 2d at 412. If Climax was self-insured, it would effectively be standing in the shoes of an insurer for purposes of the defense obligation. Accordingly, Allied World is not seeking to enforce the Agreement as a third-party beneficiary. Instead, it is asserting its own legal interest in recovering defense costs it paid on behalf of its insured, stemming from Climax's failure to honor its independent duty to defend.

**B. Allied World's Equitable Subrogation Allegations Are Ripe**

The ripeness doctrine requires the Court to determine whether the facts alleged show a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to justify judicial resolution. *Peachlum v. City of York* 333 F.3d 429, 434 (3d Cir. 2003). That standard is met here. Allied World seeks reimbursement for defense costs it has already paid, which Climax has refused to cover despite its alleged obligation to do so. *See* ECF No. 1 ¶¶ 38–45. This presents a dispute between adverse parties that is ripe for adjudication.

Climax argues that under the "made whole" doctrine, the right to subrogation does not arise until the insured has been fully compensated—in other words, until the entirety of the defense costs in the state action has been paid. *See* ECF No. 19-2 at 7. However, with respect to defense costs, subrogation is permitted for amounts the insurer has already paid. *Berkley Assurance Co. v.*

5

*Colony Ins. Co.*, 858 F. App'x 561, 569 (3d Cir. 2021) (applying Pennsylvania law). Subrogation is inappropriate when the party merely claims it might have to pay third-party demands in the future. *Id.* at 570. This is not the case here, as Allied World has already incurred damages in the form of defense fees it has already paid. *See* ECF No. 1 ¶ 43.

Climax's second argument is that the subrogation claim requires a showing that the insurer is "not primarily liable for the debt," and since that question is pending in the state action, the claim is premature. *See* ECF No. 19-2 at 5–6 (citing *Berkley*, 858 F. App'x at 566–67). However, Allied World is asking this Court to determine that Climax has a duty to defend Medical Guardian. *See* ECF No. 21 at 11. Further, the requirement that the claimant was not primarily liable for the debt is part of proving an equitable subrogation claim—not a prerequisite for filing it. *See In re Estate of Devoe*, 74 A.3d 264, 268 (Pa. Super. Ct. 2013). Therefore, Climax's argument wrongly conflates the need to prove a claim with the threshold question of whether the claim is ripe for adjudication.

## C. Allied World Has Alleged Sufficient Facts

To survive a Rule 12(b)(6) motion, a complaint must allege sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For the purpose of this Motion, the Court must accept Allied World's factual matter as true. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). To state a claim for equitable subrogation, the Third Circuit's requires that a party must show: (1) the insurer paid to protect its own interest; (2) the insurer did not act as a volunteer; (3) the insurer was not primarily liable for the debt; (4) the entire debt was satisfied; and (5) allowing subrogation will not cause injustice to the rights of others. *Berkley*, 858 F. App'x at 566–67; *In re Est. of Devoe*, 74 A.3d at 268. Climax contests Allied World's claim on the grounds that it cannot demonstrate two

essential elements: that it was not primarily liable for the defense costs and that the entire debt has been satisfied.

First, the Court must determine whether the Complaint plausibly alleges that Climax is primarily liable for the amount that paid for Medical Guardian's defense costs. In *State Farm Fire & Casualty Co. v. CM Vantage Specialty Ins. Co.*, the court held that the insurer plausibly alleged that the defendant was primary liable when the insurer alleged (1) that the defendant had an obligation to defend the insured specifically identifying provisions of the contract, (2) the insurer "tendered the defense" to the defendants, but (3) the defendants rejected the tender. CV 21-1616, 2022 WL 717257, at *9 (E.D. Pa. Mar. 10, 2022). Allied World alleges in its complaint that (1) Climax had a duty to defend Medical Guardian pursuant to the terms of their agreement on a primary and non-contributory basis; (2) Medical Guardian and Allied World tendered Medical Guardian's defense to Climax; but (3) Climax rejected the tender. Allied World was then forced to defend Medical Guardian because Climax refused to honor its alleged obligation. ECF No. 1 ¶¶ 12, 23–36.

Climax argues that Allied World cannot demonstrate who is primarily responsible for Medical Guardian's defense costs as it hinges on a future event that may or may not occur—a finding in the state action that Climax has a contractual obligation to pay Medical Guardian's defense costs. ECF No. 22 at 5. Courts routinely entertain declaratory judgement actions seeking clarification of parties' legal obligations, especially where one party has already suffered financial harm due to the other's refusal to act. Moreover, under Rule 12(b)(6), Allied World does not need to prove that Climax is liable, but only to plausibly allege it.

Second, is Climax's argument that Allied World "has not alleged that the entire debt is owed." ECF No. 19-2 at 8. The Third Circuit has expressly rejected the argument that an insurer

cannot recover because it did not pay the entirety of the defense of the insured. *See Berkley*, 858 Fed. App'x at 570. Allied World alleges in its complaint that it ". . . has paid—and continues to pay—attorneys' fees and other costs to defend Medical Guardian in the Underlying Lawsuit." ECF No. 1 at ¶ 36. Accordingly, the claim is well-pled.

### D. Colorado River Abstention Is Not Warranted Because the State Proceeding Is Not Parallel and No Exceptional Circumstances Exist

Climax argues in the alternative that the Court should stay this action under the *Colorado River* abstention doctrine because the state court proceedings will resolve the same issues raised here. ECF No. 19-2 at 8. Under this doctrine, federal courts may abstain from exercising jurisdiction in favor of parallel state proceedings only in "extraordinary and narrow" circumstances. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Whether *Colorado River* abstention is appropriate is a two-part inquiry: first, the court must determine whether the state and federal proceedings are parallel; second, if they are, the court must conduct a multi-factor review to determine whether abstention is appropriate. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307–08 (3d Cir. 2009). These factors are: (1) whether the state court has assumed jurisdiction over any property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law governs; and (6) whether the state court can adequately protect the parties' rights. *Id.* at 308.

For the cases to be parallel, the federal action must be "truly duplicative" in that the "parties and the claims are identical, or at least effectively the same." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 286 (3d Cir. 2017) (quotations omitted). In this action, Allied World is seeking to recover from Climax the sums that Allied World has spent to defend Medical Guardian. ECF No.

8

1 ¶ 3. This action is not parallel to the pending state court proceeding because Allied World is not a party to the state action and their damages are not at issue in the state case, therefore that proceeding cannot fully resolve the federal dispute. *See, e.g.*, *Md. Cas. Co. v. Consumers Fin. Serv., Inc.*, 101 F.2d 514, 515–16 (3d Cir. 1938).

Even presuming parallelism, the four factors Climax cites as favoring abstention under the second prong of the *Colorado River* analysis do not amount to "extraordinary circumstances" to support abstention. *See* ECF 19-2 at 9–12. Climax argues the third factor favors abstention since proceeding with this suit simultaneously with the state action would result in "duplicate—and potentially contradictory—interpretations of the Agreement." ECF No. 22 at 7. However, the avoidance of piecemeal litigation "must be grounded in more than just the interest in avoiding duplicative litigation." *Spring City Corp. v. American Bldgs. Co.*, 193 F.3d 165, 171–72 (3d Cir. 1999). Instead, there must be "evidence of a strong federal policy that all claims should be tried in the state courts." *Ryan v. Johnson*, 115 F.3d 193, 197–98 (3d Cir. 1997). Climax makes only cursory references to judicial efficiency, which fall far short of the "extraordinary circumstances" required to warrant abstention under *Colorado River*.

The fourth factor considers "which of the two actions has proceeded further, not merely which was filed first." *Allied Nut and Bolt, Inc. v. NSS Indus., Inc.*, 920 F. Supp 626, 631 (E.D. Pa. 1996). Trial is not scheduled in the state action until February 2, 2026, whereas this case presents narrower issues and can likely be decided much quicker without extensive discovery. *See* ECF No. 21 at 29. The final two factors also do not favor abstention because federal courts and state courts are equally competent to apply settled state law. *See Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 288 n.13 (3d Cir. 2017). This is especially true here since courts have recognized that federal courts are familiar with the law of that state that they sit in. *See Gleason v.*

*Firstrust Bank*, 538 F. Supp. 3d 444, 455 (E.D. Pa. 2021); *see also Cottman Transmission Sys., Inc. v. Lehwald Inc.*, 774 F. Supp. 919, 923 (E.D. Pa. 1991). Accordingly, abstention is not warranted under the Colorado River doctrine. There is no parallel state proceeding, and even if there was, the relevant factors do not present the type of exceptional circumstances required to justify federal court abstention.[2]

## IV.   CONCLUSION

Climax's motion to dismiss is denied. Allied World has plausibly alleged both a present injury and a legal interest sufficient to establish standing under the Declaratory Judgment Act. Its equitable subrogation claim is ripe, as it seeks reimbursement for defense costs already incurred. The complaint adequately states a claim under both doctrines, and Climax's abstention arguments fail because the state and federal actions are not parallel and no exceptional circumstances justify deviation from the federal court's "virtually unflagging obligation" to exercise jurisdiction. This Court has jurisdiction and allows Allied World's claims to proceed. An appropriate Order will follow.

**BY THE COURT:**

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

---

[2] Climax also provides a one-paragraph argument that the Court should exercise its discretion to abstain under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). ECF No. 19-2 at 11. Abstention is warranted when factors much like those discussed above are met. In particular, the presence of a "parallel state proceeding" is a consideration that "militates significantly in favor of declining jurisdiction." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 144–45 (3d Cir. 2014). However, abstention is inappropriate here because there is no parallel state proceeding as Allied World is not a party to the state action, and the Court's interest in exercising jurisdiction is not "outweighed by opposing factors." *Id.*